UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br>ANDREW JAMES NILSEN,<br><br>Debtor. | Case No. 21-21198-D-13<br>Chapter 13<br>Date: November 2, 2026<br>Time: 10:30am<br>Dept: D, Ctrm 33, Sacramento |

**MEMORANDUM OPINION**

The Chapter 13 Trustee's Final Report and Account, filed by David Cusick, Chapter 13 Trustee, docket #119, came before the court on November 2, 2026. Appearances are as noted.

Debtor's Chapter 13 plan was filed on June 7, 2021 as docket #34. It was served on all parties, including Derrick Youngblood, on June 7, 2021. Doc. 35. The court confirmed the plan on August 23, 2021. Doc. 76. An order confirming the plan locks in the payment terms listed in the plan, including how much the Debtor has to pay each month, the payment length, and what percentage of their claim unsecured creditors will receive. 11 U.S.C. §1327.

Debtor's plan proposed to pay $750 per month for 60 months ($45,000 total), paying 12% of the general unsecured creditors' claims. Doc. 34. The trustee states that Debtor paid $45,000 into the plan, which resulted in unsecured creditors receiving

12.3% of their claims. Doc. 124. The trustee's report states that Derrick Youngblood received $8,643.83 of his $70,257.71 claim – a percentage of 12.3%. Doc. 119.

The trustee filed his final report (docket #119), and Derrick Youngblood objected. Doc. 122. The trustee noticed a hearing, and Mr. Youngblood objected again. Docs. 125, 128. The court finds notice of the motion to be proper. Doc. 127. No other party responded, and their defaults are taken.

Under 11 U.S.C. §1328(a), this court shall issue a discharge "as soon as practicable after completion by the debtor of all payments under the plan." Mr. Youngblood has not challenged that Debtor has made all of the payments under the plan, nor has he challenged the amount the trustee paid to creditors. Doc. 124. Instead, he alleges bad faith and repeat filings as grounds to (1) deny Debtor's discharge, (2) order an evidentiary hearing or audit regarding Debtor's income, and (3) modify or continue payments until the claim is "justly satisfied." Doc. 128.

The court will explain its reasoning in reverse order. As to (3), Chapter 13 plans may not exceed 60 months. 11 U.S.C. §1322(d). Debtor has passed the 60 month mark, so the court may not order him to continue making plan payments. As to (2), as the court cannot order the Debtor to continue making plan payments and most assets are valued as of either the petition date or confirmation date, Debtor's income does not matter for discharge purposes.

As to (1), Mr. Youngblood asks the court to deny Debtor's discharge. The trustee refers to FRBP 5009(c)(3) in docket

#124, but that applies to Chapter 15 cases and is inapplicable here. The trustee may have meant FRBP 5009(a). Under FRBP 5009(a), a Chapter 13 case is presumed to have been fully administered when the trustee files the final report and certifies that the estate has been fully administered, and no objections have been filed. Here, an objection was filed timely, so the presumption does not apply. However, Mr. Youngblood has not challenged the trustee’s accounting. Doc. 128. Where the deadline to object has passed and no party has objected, that party’s default may be taken. The court finds that no party has objected to the accounting portion of the trustee’s Final Report and Account. To the extent Mr. Youngblood’s objections are to the accounting itself, they are overruled.

The last matter for the court to consider is whether Mr. Youngblood’s objections alone prevent the court from entering a discharge as to his claim in particular or as to all creditors. The deadline for Mr. Youngblood to file a complaint to challenge the dischargeability of his claim was October 4, 2021. Doc. 63. That deadline has passed.

The court finds that Debtor received his last bankruptcy discharge in 2001 and is eligible to receive a discharge in this case under 11 U.S.C. §1328(f). See also Doc. 118. Therefore, to the extent Mr. Youngblood challenges the discharge due to multiple filings, he is overruled. There having been no other rulings in this case regarding entry of discharge, there being no pending adversary proceedings, Debtor having completed his debtor education course (docket #53) and certifications (docket

#118), and good cause appearing, the court shall OVERRULE Mr. Youngblood's objections and APPROVE the Trustee's Final Report and Account.

Dated: November 04, 2026

Corrine Bielejeski
U.S. Bankruptcy Judge

**Instructions to Clerk of Court**
**Service List**

The Clerk of Court is instructed to send the attached document, via BNC, to the following parties:

Andrew James Nilsen
985 Sacramento Street
Redding CA 96001

Mark W. Briden
691 Maraglia Street
Suite D
Redding CA 96002

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Derrick Jacob Youngblood
1783 Somerset Ct
Redding CA 96002